**HANAN v. THREADGILL et al.**

(District Court, S. D. Florida. January 2, 1924.)

1. **Chattel mortgages �köm285—Mortgages ⊙köm526(2)—Sale of property not confirmed on account of inadequacy of price.**

While ordinarily inadequacy of price is not a ground for withholding an order of confirmation of a judicial sale, a sale of a boat and land under mortgages will not be confirmed, where the bids were $1,900 in November, as against $11,750 in a former sale in May, not reported by

---

⊙köm For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the master, and it appeared that the complaining party had an interest by reason of a guaranty and as obligor in a supersedeas bond, and was prevented from attending the November sale.

2. **Chattel mortgages** ⊙═289—**Mortgages** ⊙═579—**Decree should have been amended after remand, before master ordered to proceed with sale.**

Where final decree in suit to foreclose mortgages on a boat and land provided for sale on a certain day, but an appeal was taken to the Circuit Court of Appeals, the decree, after dismissal and remand by the reviewing court, should have been amended to designate another certain day for the sale, and the master should not simply have been ordered to proceed to execute the decree, which designated a day then past.

In Equity. Bill by Herbert W. Hanan against E. H. Threadgill and others. On objections to confirmation of sale. Objections sustained, with leave to plaintiff to apply for amendment of decree.

Gramling & Clarkson, of Miami, Fla., for complainant.

M. S. Bobst, of Miami, Fla., for defendants Threadgill.

C. L. Brown, of Miami, Fla., for defendant Armstrong.

CALL, District Judge. In this case the bill of complaint was filed October 11, 1922, seeking to foreclose mortgages on a certain boat and furniture, and on two certain lots of land. Answers to this bill were filed December 7, 1922, by the defendants, admitting the allegations of the bill of complaint. February 15, 1923, a stipulation of counsel was filed, fixing the amounts due for principal, interest, and insurance paid.

February 15, 1923, a final decree was entered, fixing the amounts due for these various sums, and also for a reasonable attorney's fee of $1,500, and master's fees to the time of signing the decree; the total amount of principal, interest, and insurance premiums being in the sum of $11,070.31. The decree further provides that, in default of the payment of the sum of money, the property described be sold April 2, 1923. On March 12, 1923, upon petition of the complainant, an order was made amending the decree and fixing the day of sale May 7, 1923.

March 14, 1923, an order was made fixing the supersedeas bond at $15,000, and allowing 90 days to file transcript of record. The transcript was not filed within the 90 days. On September 17, 1923, the cause was docketed and dismissed by the Circuit Court of Appeals, and the cause remanded to the District Court for further proceedings. Pursuant to this mandate, an order was made October 3, 1923, by this court, that:

"The said special master in chancery heretofore appointed herein is directed to proceed with the sale of the property in conformity with the decree heretofore entered in this cause."

On November 21, 1923, the special master filed his report, by which it appears that a sale of the mortgaged property was made on November 6th, at which sale the yacht was knocked down to the complainant for $900, and the lots of land for $500 each. On November 23, 1923, a notice was given defendants' solicitor that on November 30th an application would be made to the court for an order confirming the

report of sale and for a deficiency decree. In response to this notice F. A. Armstrong, one of the defendants, filed objections to the order of confirmation, alleging that the property was sold on May 7, 1923, by the master, at which sale the yacht brought $4,000, lot No. 6 $4,000, and lot No. 7 brought $3,750. The last sale is attacked on the following grounds:

"(1) Because the sum at which said property and each of them was sold are grossly inadequate, and are much less than the sums formerly obtained, for said property at the previous sale. (2) Because said property had been sold once, and a subsequent sale could not be made. (3) Because said property was improperly advertised."

The objections then proceed to state that the objector was denied in Miami Harbor by the customs officials, and thus prevented from attending the sale and protecting his rights. With these objections was filed an affidavit by the special master in part as follows:

"That in accordance with the final decree the property described in the mortgage or mortgages foreclosed in said cause was duly advertised for sale and offered for sale on May 7, 1923, at Miami, Dade county, Florida, in accordance with said final decree and advertisement, and at that time the gas yacht named Venturer was sold to E. M. Threadgill for the sum of $4,000, that lot 6 of block 3 of Banyan Place was sold to Herbert W. Hanan for the sum of $4,000, and that lot 7 of block 3 of Banyan Place was sold to E. H. Threadgill for the sum of $3,750, and at the request of solicitor for complainant, affiant did not make any report of said sale, and that there were present at said sale the solicitor for both the complainant and defendants."

This affidavit was sworn to on November 15, 1923. On December 24, 1923, notice was given solicitor for defendant that certain affidavits would be presented to the court on December 29th, and the motion to confirm the sale of November 5th would be renewed. These affidavits are three in number, by Norris McElyam, the special master, J. M. Flowers, and John C. Gramling, one of complainant's solicitors. These affidavits are to the main effect that complainant's solicitor stated at the May 7th sale that a supersedeas bond had been given and that the sale would therefore be void. No money was deposited at said sale. The solicitor's affidavit further gives a history of the docketing and dismissing the appeal by the Circuit Court of Appeals.

[1] Under these circumstances the question is,—should the November 5th sale be confirmed? While ordinarily inadequacy of price is not a ground for withholding an order of confirmation of a judicial sale, still under the peculiar circumstances of this case it seems to me inequitable that this last sale should be confirmed. Here was property which in May was bid in for $11,750, and in November bought in by the complainant for the pitiful sum of $1,900 on a decree for more than $12,000. Nothing is shown why property which would sell in May for $11,750 should depreciate to $1,900 in November.

It is proper here to state that the special master, being an officer of the court, should have made a report to this court of his action as required by the decree; but his affidavit, filed November 20th, may take the place of such report, which should have been made in May. It must be borne in mind that Armstrong is shown by the answers to be the real party in interest by reason of his guaranty, as shown by

the answers of the defendants, and he was the obligor in the supersedeas bond filed in this court, and, as shown by the objections sworn to, he was prevented from attending the November sale.

[2] I also notice that the final decree provided for the sale on a certain day, and that this decree was so amended as to designate a certain other day. After the mandate of the Circuit Court of Appeals was received, no amendment of the decree was obtained, but, on the contrary, an order to the master to proceed to execute the decree was obtained. It seems to me that the proper procedure would have been to have had the decree amended to designate another certain day for the sale, and that it is questionable whether a sale made without such amendment is a sale made pursuant to the final decree.

For these reasons, the sales of May 7th and November 5th will be set aside and vacated, and the complainant given leave to apply to this court for an amendment of the decree fixing a day certain at which sale may be made. It will be so ordered.